FILED & ENTERED

APR 22 2008

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY wesley    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: LA-06-16118BB |
| Charles Mitchell Frye, | Adversary No.: LA-07-01150BB |
| | Chapter: 7 |
| Debtor(s), | **MEMORANDUM OF DECISION RE PLAINTIFF'S PETITION FOR CERTIFICATION OF CIRCUMSTANCES FOR DIRECT APPEAL** |
| Excelsior College, | |
| Plaintiff(s), | (No hearing required) |
| vs. | |
| Charles Mitchell Frye, | |
| Defendant(s). | |

After plaintiff Excelsior College ("Excelsior") obtained a jury verdict and a final judgment and permanent injunction (the "District Court Judgment") against Charles Mitchell Frye ("Frye") in <u>Excelsior College v. Frye</u>, United States District Court Case no. 04CV0535WQH (the "District Court Action"), Frye filed a chapter 7 bankruptcy case in the above court on November 22, 2006.  On February 15, 2007, Excelsior filed a complaint seeking to have Frye's obligations to Excelsior under the District Court Judgment excepted from the discharge under 11 U.S.C. § 523(a)(6), commencing the above-entitled adversary proceeding (the "Dischargeability Action").

On or about March 23, 2007, this Court modified the automatic stay in Frye's bankruptcy case to permit Excelsior and Frye to litigate any post-trial motions and appeals in the District Court Action to a final judgment.  Excelsior advises that Frye's appeal of the District

Court Judgment (the "First Appeal") has been assigned docket no. 07-55997 and is currently pending before the United States Court of Appeals for the Ninth Circuit.

In the interim, Excelsior moved for summary judgment in the Dischargeability Action. The Court granted that motion by order entered January 31, 2008. After requesting and obtaining additional briefing and conducting a separate hearing on the issue of whether final judgment should be entered in the Dischargeability Action now or stayed pending the outcome of the First Appeal, the Court entered a final judgment in the Dischargeability Action, excepting Frye's debts to Excelsior under the District Court Judgment from the discharge in Frye's bankruptcy under Bankruptcy Code section 523(a)(6) (the "Dischargeability Judgment"). Frye moved for reconsideration. That motion was denied.

Thereafter, on or about February 15, 2008, Frye filed a notice of appeal from the Dischargeability Judgment. Neither party exercised its right to have that appeal (the "Second Appeal") heard by the District Court. On or about April 1, 2008, Excelsior petitioned the Bankruptcy Appellate Panel of the Ninth Circuit (the "BAP") for a certification under 28 U.S.C. § 158(d)(2) with regard to the Second Appeal. In response, the BAP ruled that Excelsior's petition for certification (the "Petition") should have been directed to this Court, rather than the BAP, because the docketing of the Second Appeal at the BAP had not yet occurred. This memorandum sets forth the Bankruptcy Court's ruling in response to the Petition.

Although the Court understands and appreciates Excelsior's desire to see the final resolution of its protracted litigation with Frye concluded as expeditiously as possible, the Court's review of the language of section 158(d)(2) and of the authorities that have interpreted that language leaves this Court with the firm conviction that the circumstances of this appeal do not warrant the application of this section. Although a certification under section 158(d)(2) would materially advance the progress of the Second Appeal, it is *always* the case that skipping one level of appeal would make the appeals process shorter. If such a showing were sufficient to entitle an appellant (or an appellee) to a certification under section 158(d)(2), every appeal would be an appropriate candidate for certification under this section. Clearly, more must be required, and this Court does not believe that the "economies of scale" argument that Excelsior has advanced will suffice for this purpose. Therefore, the Petition must be denied.

Section 158(d)(2)(B) provides that, on the request of a party to an appeal, the court before whom a matter is pending should certify a matter for direct appeal to the Court of Appeals if the court determines that the circumstances specified in clause (i), (ii) or (iii) of subparagraph (A) of section 158(d)(2) exist. Thus, if the court finds that one or more of the following three statements are true, the court should issue the requested certification:

(i) the judgment, order or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;

(ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or

(iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

Excelsior's Petition is based entirely on the third of these clauses applies and argues that an immediate appeal of the Second Appeal to the Ninth Circuit would materially advance the resolution of these proceedings. However, the Dischargeability Action has been fully resolved. Nothing is being held in abeyance pending the outcome of the Second Appeal. No litigation is proceeding forward at the trial court level that might prove unnecessary if the parties knew now that the Dischargeability Judgment would, or would not, be reversed on appeal.

The crux of Excelsior's argument is simply that there is a related appeal currently pending before the Ninth Circuit (the First Appeal) and it would be more efficient to have the Ninth Circuit consider the issues raised by both appeals at the same time than to have the appeals considered separately by two different courts or at two separate times by the same court. While this may (or may not) be true,[1] this does not appear to be the kind of fact pattern that Congress envisioned when it created the prospect of a direct right of appeal to the Circuit.

---

[1] The issues raised by the two appeals are entirely separate. Only the underlying facts are the same. To resolve the First Appeal, the Circuit will need to consider whether there were any errors or defects in the proceedings that led to the jury verdict and the judgment and injunction that are based upon it. To resolve the Second Appeal, the District Court will need to ascertain whether the findings made in the District Court Action are sufficient to give rise to nondischargeable liability under section 523(a)(6).

As the Second Circuit noted when it rejected an appeal that a bankruptcy court had certified under section 158(d)(2) in <u>Weber v. United States Trustee</u>, 484 F.3d 154 (2d Cir. 2007),

> The focus of the statute [section 158(d)(2)] is explicit: on appeals that raise controlling questions of law, concern matters of public importance, and arise under circumstances where a prompt, determinative ruling might avoid needless litigation.
>
> * * * *
>
> [D]irect appeal may be appropriate where a judgment of this court would 'materially advance the progress of the case.' For instance, where a bankruptcy court has made a ruling which, if correct, will essentially determine the result of future litigation, the parties adversely affected by the ruling might very well fold up their tents if convinced that the ruling has the approval of the court of appeals, but will not give up until that becomes clear.

484 F.3d at 158.

It follows from this reasoning that, where the recognition of a right of direct appeal would not obviate the need for the parties to engage in what might later prove to have been needless litigation, the requisite showing has not been made. And that is the case here. The Dischargeability Action has been fully resolved at the trial court level by the entry of the Dischargeability Judgment. There is no pending litigation between the parties other than the existing appeals. Accordingly, the Petition should be denied. The Court will enter an order to this effect concurrently herewith.

# # #

DATED: April 22, 2008

_____
United States Bankruptcy Judge

1
2
3
## SERVICE LIST FOR ENTERED ORDER
4
5

| **SERVED ELECTRONICALLY** | **SERVED BY U.S. MAIL** |
|---|---|
| **Chapter 7 Trustee** | Debtor |
| **Office of the United States Trustee**<br>725 S. Figueroa St., 26th Floor<br>Los Angeles, CA 90017 | Attorney for Debtor |